**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION

|  |  |  |
|---|---|---|
| B. GAIL BURNS, ET AL. | * | |
| Plaintiffs | * | |
| VS. | * | NO: 4:07CV00535  SWW |
| UNIVERSAL CROP PROTECTION ALLIANCE, ET AL. | * | |
| Defendants | * | |

**ORDER**

Eighty-two cotton farmers bring this diversity action against five herbicide manufacturers under theories of strict liability, negligence, breach of implied warranty, and violation of the Arkansas Deceptive Trade Practices Act.  Plaintiffs claim that their 2006 cotton crops suffered damage from exposure to Defendants' herbicides containing dichlorophenoxyacetic acid ("2,4-D").  Before the Court is Defendants' motion for adoption of a *Lone Pine* order (docket entry #49), Plaintiffs' response in opposition (docket entry #59), and Defendants' reply  (docket entry #61).  After careful consideration, and for the reasons that follow, the motion will be granted.

Defendants request a *Lone Pine* order, named for *Lore v. Lone Pine Corp.,* 1986 WL 637507, No. L-33606-85 (N.J. Super. Ct.1986).  *Lone Pine* orders, issued pursuant to a trial court's discretion over case management, typically require Plaintiffs to substantiate certain elements of their claims through expert affidavits before they may proceed with discovery.

For example, in *Acuna v. Brown & Root Inc.*, 200 F.3d 335 (5th Cir. 2000), the Fifth

Circuit approved the use of *Lone Pine* orders where approximately 1,600 plaintiffs sued over 100 defendants for injuries allegedly caused by the defendants' uranium mining activities. The district court issued pre-discovery scheduling orders that required expert affidavits specifying the injuries or illnesses suffered by each plaintiff, the materials or substances causing the injury and the facility thought to be their source, the dates or circumstances and means of exposure to the injurious materials, and the scientific and medical bases for the expert's opinions. *Acuna*, 200 F.3d at 338. In approving the trial court's pre-discovery orders, and the trial court's dismissal of the plaintiffs' claims for failure to comply with the orders, the Fifth Circuit stated:

> It was well within the court's discretion to take steps to manage the complex and potentially very burdensome discovery that the cases would require. The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed. R. Civ. P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries. The affidavits supplied by plaintiffs did not provide this information. The district court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without better definition of plaintiffs' claims.

*Acuna*, 200 F.3d at 340-41.

In this case, Plaintiffs allege that between June 18 to July 13, 2006 "in aggregate, tens of thousands of pounds of Defendants' 2,4-D products" were applied to rice crops in northeast Arkansas, west of Crowley's Ridge. Docket entry #1, ¶108. Plaintiffs allege that following the applications of 2,4-D, "a portion" of Defendants' 2,4-D products drifted east across Crowley's Ridge and caused damage to cotton crops located in a large area covering Clay, Green, Craighead, and Poinsett Counties.[1] Plaintiffs allege that beginning July 6, 2006, over 100 cotton

---

[1] Plaintiffs state that "this case involves the regional transport of one or more plumes of 2,4-D formed by the aggregation of multiple applications of Defendants' products." Docket entry #59, at 4.

farmers in the aforementioned counties filed complaints with the Arkansas State Plant Board ("ASPB") related to 2,4-D injury to their crops.

Defendants assert that many variables including temperature, wind speed, filed location, aircraft speed, and use of drift control products are pertinent to the causation issue in this case and will require "extraordinarily extensive third-party discovery, which will be burdensome not only to the Court and parties but also to the numerous third parties from whom discovery will be sought." Defendants contend that under the circumstances, the Court should require Plaintiffs to present evidence showing "which, if any, of the Defendants' products came into contact with each Plaintiff's 2006 cotton crop."

Defendants have proposed a case management order that would require the following:

1. Within 45 days from entry of the case management order, Plaintiffs provide affidavits from fact or expert witnesses that include the following information:

- Separately for each Defendant's product at issue, the date, location, and amount of each product application at issue and the name of the applicator.

- Separately for each Plaintiff, the location and acreage of each cotton field claimed to have been injured by one or more of Defendant's products in 2006.

- Separately for each cotton field identified, the manufacturer, distributor and brand name of each product allegedly transported to said field and the location from which the product was allegedly transported.

- The facts supporting Plaintiffs' claim that each Defendant's product was transported to Plaintiffs' cotton fields, including any testing or modeling supporting said claims.

- If Plaintiffs rely on expert opinions to identify the specific products that allegedly harmed Plaintiffs' crops or to support the allegation that any Defendants' products were transported to Plaintiffs' cotton fields, the preliminary facts, data, and other grounds relied on by each expert for each such opinion, and each expert's qualifications to render an opinion.

2. Within 90 days from issuance of the case management order, Defendants may depose any affiants identified by Plaintiffs regarding product identification and exposure issues.

      3. Within 120 days from issuance of the pre-discovery scheduling order, Defendants shall file any motions challenging the sufficiency of Plaintiff's evidence on product identification and exposure issues.

      Plaintiffs oppose the use of a *Lone Pine* order in this case. They argue that "information available in the public domain already exceeds that suggested by the defendants as necessary to make a *prima facie* case on causation." Plaintiffs submit documents, including ASPB records, indicating that 2,4-D caused damage to cotton crops in northeast Arkansas in the summer of 2006. While the documents provided by Plaintiffs are relevant to Plaintiffs' theory of general causation (that herbicides containing 2,4-D damaged their 2006 cotton crops), they shed no light on how plaintiffs will show that a specific product manufactured by a specific defendant caused injury to a particular plaintiff's cotton crop.

      Arkansas law requires a plaintiff asserting any theory of product liability to show a causal link between the alleged product defect and alleged injuries. Additionally, where several defendants' products may have produced injury, a plaintiff must introduce sufficient evidence that exposure to a particular defendant's product was a substantial factor in producing the injury. *See Chavers v. General Motors Corp.*, 349 Ark. 550, 562 (2002)(citing *Jackson v. Anchor Packing Co.*, 994 F.2d 1295 (8th Cir .1993)). "Alternative theories of liability that minimize or eliminate the need to prove causation such as market share or concert of action have not found their way into Arkansas jurisprudence." *Davis v. DuPont*, 729 F. Supp. 652, 655 (E.D. Ark. 1989).[2]

---

      [2]Under market share liability, "[t]here need be no assurances whatsoever that the defendants who actually end up paying damages . . . played any role in causing the injury. A plaintiff must only join manufacturers of a substantial share of the product and meet her burden of proof on . . . other . . . elements." *Doe v. Baxter Healthcare Corp.*, 380 F.3d 399, 408 (8th Cir. 2004)

The Court agrees that in this case, a preliminary showing on causation is necessary for efficient case management.  If Plaintiffs intend to proceed under a theory of causation that would obviate each plaintiff's burden to show that exposure to a particular defendant's product was a substantial factor in producing alleged crop damage, now is the time for Plaintiffs to reveal their theory of causation.  Otherwise, the Court finds that a case management order identical or similar to Defendants' proposed order should be entered in this case.

IT IS THEREFORE ORDERED that Defendants' motion for adoption of a modified *Lone Pine* order is GRANTED.   Plaintiffs have up to and including 10 days from the entry date of this order to submit any proposed changes to the deadlines set forth in Defendants' proposed case management order.  Alternatively, the parties may submit an agreed case management order.

IT IS FURTHER ORDERED that Defendants' motion to withdraw the motion to stay discovery (docket entry #55) is GRANTED.  The Clerk is directed to terminate Defendants' motion to stay discovery (docket entry #53).

IT IS SO ORDERED THIS 25TH DAY OF SEPTEMBER, 2007.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE